IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CONYERS HOUSING CORPORATION,** | : : : | |
| Plaintiff, | : : | CIVIL ACTION FILE NO. 1:18-cv-01492-WSD-AJB |
| v. | : : | |
| **SHIKEMA FLUELLEN,** | : : | |
| Defendant. | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court for frivolity review pursuant to 28 U.S.C. § 1915(e). For the reasons below, the undersigned **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of Rockdale County, Georgia.

*I.   Introduction*

On April 6, 2018, Defendant Shikema Fluellen, proceeding pro se, filed an IFP application and notice of removal seeking to remove a dispossessory action brought against her in the Magistrate Court of Rockdale County, Georgia, by Plaintiff Conyers Housing Corporation.[1]   [Doc. 1].   Defendant states that she has removed the

---

[1]   The property at issue is located at 1478 Eastmont Dr., Conyers, Georgia 30012. [Doc. 1-2 at 4]. The Magistrate Court of Rockdale County assigned the matter

dispossessory proceeding on the basis of federal-question jurisdiction, asserting that this Court has jurisdiction over the matter because the dispossessory proceedings are occurring in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the judicial proceedings against Defendant are occurring in violation of "UCC 306," and Defendant has a bankruptcy appeal currently pending in this Court.  [*See* Doc. 1-2 at 2].

## II.    Frivolity Review

### A.    Standard

Because the undersigned has determined in a separate order that Defendant may proceed IFP, [Doc. __], the Court must perform a frivolity review pursuant to 28 U.S.C. § 1915(e).  Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*,

---

Case No. 2018SV1151.  [*Id.* at 4, 7].

251 F.3d 1346, 1349 (11th Cir. 2001)). A litigant does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.' " *Thompson v. Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pro se pleading is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). This leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

### B.     *Analysis*

As the following discussion demonstrates, the undersigned determines that Defendant improvidently removed the state-court action to this Court. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410

AO 72A
(Rev.8/8
2)

(11th Cir. 1999). Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

The undersigned first examines whether there is diversity jurisdiction, then considers federal-question jurisdiction.

### 1. *Diversity Jurisdiction*

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Under § 1332(a), an in-state

plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removal statute does not provide an in-state party the same flexibility in removing cases, however. *Id.* at 89-90 ("The scales are not evenly balanced" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, § 1441(b) bars removal on the basis of diversity if the "part[y] is a citizen of the State in which [the] action is brought." *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

The Court concludes that Defendant cannot show diversity-of-citizenship jurisdiction. First, Defendant cannot meet the amount-in-controversy requirement. As a District Judge in the Northern District of Georgia has held in a similar context:

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and [Plaintiff] or that the amount in controversy in this matter exceeds $75,000.00. As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement. *See Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) (holding on nearly identical facts that claim for ejectment in summary dispossessory proceeding after foreclosure sale cannot satisfy the amount in controversy requirement as a matter of law). Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

5

*Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) (Story, J.). As a result, Defendant cannot meet the amount-in-controversy requirement in this dispossessory proceeding.

Second, even if Defendant could establish the amount-in-controversy requirement, § 1441(b) does not permit removal to this Court on diversity grounds because it appears that Defendant is a citizen of the State of Georgia, [*see* Doc. 1-2 at 1 (providing a Georgia address)], which is the state where the dispossessory proceeding was brought, [*see* Doc. 1-2 at 4]. *See Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that defendant's removal of foreclosure action brought in an Ohio state court to an Ohio federal court was improper because defendant was a citizen of Ohio); *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the defendants were citizens of the forum state). Additionally, as Defendant provides Georgia addresses for both herself and Plaintiff, [Doc. 1-2 at 1], there is no indication that there is diversity of citizenship between the parties.

For these reasons, the Court finds that removal is not proper on the basis of diversity of citizenship.

### *2. Federal Question Jurisdiction*

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). Nor may a counterclaim serve as the basis for federal-question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing defendant bears the burden

AO 72A
(Rev.8/82)

of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Here, there is no indication that Plaintiff's complaint raises anything more than a dispossessory claim. [*See* Doc. 1-2 at 4-6]. Dispossessory actions are authorized under the Official Code of Georgia. *See* O.C.G.A. § 44-7-49 *et seq*. No federal law or authority is invoked on the face of the complaint, nor does Plaintiff request any relief other than overdue rent and utilities, late fees, costs of the action, and possession of the premises. [Doc. 1-2 at 4-6]. Thus, the claim forming the basis for this action is simply a dispossessory action and therefore exclusively a matter of state law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.). As a result, the undersigned finds that there is no federal question presented in the complaint such that this Court might exercise subject-matter jurisdiction over this matter under 28 U.S.C. § 1331.

Additionally, while Defendant suggests that she has a bankruptcy case pending in this Court that would confer removal jurisdiction over this matter, [Doc. 1-2 at 2], Defendant has not identified any such case, and the Court's own research has revealed none.

8

Accordingly, the undersigned finds that § 1331 does not grant the Court original jurisdiction over the dispossessory action against Defendant.

### III. *Conclusion*

In sum, Plaintiff's complaint contains no grounds upon which the Court might exercise subject-matter jurisdiction over the action, and consequently, the federal courts do not have the power to hear this case. The undersigned therefore **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Rockdale County, Georgia.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to Defendant at:

> Shikema Fluellen
> 1478 Eastmont Drive NW
> Conyers, GA 30012

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 17th day of April, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE