# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CONYERS HOUSING CORPORATION, | |
| Plaintiff, | |
| v. | 1:18-cv-1492-WSD |
| SHIKEMA FLUELLEN, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] ("Final R&R"), which recommends remanding this action to the State Court of Rockdale County, Georgia. Also before the Court is Defendant Shikema Fluellen's ("Defendant") Response to Order and Recommendation [8] ("Objections") and Defendant's Application to Appeal *In Forma Pauperis* [9] ("Application to Appeal").

## I.  BACKGROUND

Sometime in early 2018, Plaintiff Conyers Housing Corporation ("Plaintiff") initiated a dispossessory proceeding against Defendant in the State Court of

Rockdale County, Georgia (the "Rockdale County Action").[1]  On April 18, 2018, Defendant, proceeding *pro se*, filed her Notice of Removal [3] seeking to remove the Rockdale County Action.  Defendant seeks to removal on the grounds that the dispossessory proceedings are occurring in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, are in violation of "UCC 306," and Defendant has a bankruptcy appeal currently pending in this Court.  ([1.2] at 2).

On April 18, 2018, the Magistrate Judge issued his Final R&R, recommending that this action be remanded to the State Court of Rockdale County for lack of subject matter jurisdiction.  On May 10, 2018, Plaintiff filed her Objections.

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those

---

[1]    The property at issue is located at 1478 Eastmont Drive, Conyers, Georgia 30012.  ([1.1] at 3).  The Magistrate Court of Rockdale County assigned the matter Case No. 2018SV1157.  (<u>Id.</u>).

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). If a petitioner does not specifically object to any of the Magistrate Judge's findings or recommendations, the Court reviews the report and recommendation for plain error. Id.; see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Because Defendant's Objections lack specificity, the Court reviews the Final R&R for plain error.

B. Analysis

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity

jurisdiction or that involve a federal question." Kivisto v. Kulmala, 497 F. App'x 905, 906 (11th Cir. 2012). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The Magistrate Judge first found Defendant has failed to show diversity of citizenship because she cannot meet the amount-in-controversy requirement and there is no indication there is diversity of citizenship between the parties. ([4] at 6). The Magistrate Judge next found that "there is no indication that Plaintiff's complaint raises anything more than a dispossessory claim." (Id. at 8). The Magistrate Judge ultimately concluded Defendant "improvidently removed the state-court action to this Court." ([4] at 3).

Defendant therefore has not shown that the Court has subject matter jurisdiction over this state dispossessory proceeding, and this action is required to

4

be remanded to the State Court of Rockdale County, Georgia. The Court finds no plain error in the Magistrate Judge's findings and recommendations.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Response to Order and Recommendation [8] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Application to Appeal *In Forma Pauperis* [9] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the State Court of Rockdale County, Georgia.

**SO ORDERED** this 18th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE